**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br><br>                    Plaintiff,<br><br>        v.<br><br>CIVITILLO MASONRY, INC.,<br><br>                    Defendant. | Case No. 23-cv-2598 (JMC) |

## MEMORANDUM OPINION

Plaintiff Bricklayers & Trowel Trades International Pension Fund (Bricklayers) moves for default judgment against Defendant Civitillo Masonry, Inc. (Civitillo). Bricklayers seeks $73,589.77 for unpaid contributions due under a collective bargaining agreement, damages, and fees, as well as an order directing Civitillo to submit outstanding remittance reports and contributions. For the reasons set out below, the Court will **GRANT** Plaintiff's motion for default judgment, ECF 7.[1]

## I.    BACKGROUND

Bricklayers is an employee pension benefit plan organized under the Employee Retirement Income Security Act (ERISA) that provides retirement and related benefits to employees in the construction industry. ECF 1 ¶ 1; ECF 7-2 at 4 ¶ 3 (Declaration of Bricklayers' executive director Lester W. Kauffman III). Employers who sign collective bargaining agreements (CBAs) with the International Union of Bricklayers and Allied Craftworkers (the Union) must pay contributions to

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

the pension fund, which finances these benefits. ECF 1 ¶¶ 6–7; ECF 7-1 at 6; ECF 7-2 at 4–5 ¶¶ 3, 7. Civitillo is one such employer. ECF 1 ¶¶ 6–7.

Under its CBA, Civitillo was obligated to submit monthly remittance reports and pay monthly contributions to Bricklayers for each hour of covered work it performed. ECF 1 ¶ 7; ECF 7-2 at 4–5 ¶ 7. From November 2022 through April 2023, Civitillo reported but failed to pay contributions to Bricklayers as required. ECF 1 ¶ 9; ECF 7-2 at 5–6 ¶ 8. In May 2023, Civitillo entered into a Memorandum of Understanding to pay the delinquent contributions and other amounts on a payment schedule. ECF 1 ¶ 17; ECF 7-2 at 5–6 ¶ 8. From May 2023 through July 2024, Civitillo failed to both report and pay all amounts owed to Bricklayers under the CBA. ECF 1 ¶ 10; ECF 7-2 at 7 ¶ 12; ECF 7-1 at 19. Pursuant to the CBA and Memorandum of Understanding, once contributions are delinquent, Civitillo is required to pay—in addition to the delinquent contributions themselves—(1) interest on the unpaid contributions at a rate of 15 percent per year from the due date of each monthly payment; plus (2) liquidated damages, calculated at the rate of 20 percent of the delinquent contributions; plus (3) attorneys' fees incurred recovering the delinquent amounts; minus (4) any payments made under the Memorandum of Understanding. ECF 1 ¶¶ 21–22; ECF 7-2 at 5–8 ¶¶ 8–16; ECF 7-1 at 9–10. Bricklayers is entitled to enforce the terms of the CBA pursuant to Sections 502(a) and 515 of ERISA. 29 U.S.C. §§ 1132(g), 1145.

The docket reflects that Bricklayers properly served Civitillo on October 16, 2023. ECF 3. Civitillo did not respond. On November 27, 2023, Bricklayers filed a request for entry of default, ECF 4, and served a copy of that request on Civitillo, ECF 4-2. The Clerk of the Court entered default the next day. ECF 5. Despite being aware of this suit, *see* ECF 7-1 at 5, Civitillo did not move to set aside the Clerk's entry of default or otherwise respond.

## II.    LEGAL STANDARD

"To warrant a default judgment, the defendant must be considered a totally unresponsive party, and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of a default, and the motion for a default judgment." *Teamsters Local 639-Emps. Health Trust v. Boiler & Furnace Cleaners, Inc.*, 571 F. Supp. 2d 101, 107 (D.D.C. 2008). Generally, "[in] the absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008). The trial court has the discretion to determine whether a default judgment is appropriate. *See Hanley-Wood, LLC v. Hanley Wood, LLC*, 783 F. Supp. 2d 147, 150 (D.D.C. 2011) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). In doing so, the court must "make an independent determination of the sum to be awarded unless the amount of damages is certain." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002).

"A defaulting defendant is deemed to admit every well-pleaded allegation in the complaint." *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. When a defendant does not contest its liability, a court need only determine whether the allegations in the complaint are well-pled. *See Fanning v. AMF Mech. Crop.*, 326 F.R.D. 11, 14 (D.D.C. 2018).

For the reasons set out below, the Court finds that Bricklayers' complaint alleges sufficient facts to establish liability and that Bricklayers' request for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs is reasonable under ERISA. The Court also finds that Bricklayers is entitled to an order directing Civitillo to submit outstanding remittance reports and contributions.

### III.    ANALYSIS

#### A.  Liability

Because Civitillo did not respond to either the complaint or the motion for default judgment, it has failed to contest its liability in this suit. *See R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30. The Court need only determine whether the allegations in the complaint are well-pled. *See Fanning*, 326 F.R.D. at 14. ERISA requires employers to contribute to pension plans consistent with their collective bargaining agreements. 29 U.S.C. § 1145. Bricklayers alleged—and provided documentation demonstrating—that Civitillo signed the CBA, that the CBA required reporting and contributions based on the number of hours of work that its employees performed, that Civitillo failed to make those contributions between November 2022 and April 2023, and that Civitillo failed to report and make contributions between May 2023 and July 2024. *See* ECF 1 ¶¶ 6–13; ECF 7-2. Bricklayers has established that Civitillo is liable, and entry of default judgment is therefore warranted. *See, e.g.*, *Bricklayers & Trowel Trades Int'l Pension Fund v. Avalanche Constr. Grp., Inc.*, No. 23-CV-1784, 2024 WL 4869243, at *2 (D.D.C. Nov. 22, 2024) (granting default judgment based on unpaid contributions under CBA in ERISA case). The Court now turns to the issue of damages.

#### B.  Damages

When an employer fails to make contributions in accordance with the terms and agreements of a collective bargaining agreement, the fiduciary may bring an action and obtain a mandatory award for the plan consisting of (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of twenty percent; (4) reasonable attorneys' fees and costs of the action, to be paid by the defendant; and (5) such

other legal or equitable relief as the court deems appropriate. *See* 29 U.S.C. § 1132(g)(2). A court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment" under ERISA. *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

"[U]npaid contributions, interest, and liquidated damages are considered 'sums certain,' because their calculations are mandated by ERISA and party agreements," and are therefore appropriate for default judgment. *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 18 (D.D.C. 2013). Nevertheless, Bricklayers must prove these damages to a reasonable certainty. *Compare Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) (awarding damages where plaintiffs' estimate was "as accurate as possible under the circumstances"), *and Int'l Painters & Allied Trades Indus. Pension Fund v. LaSalle Glass & Mirror Co.*, 267 F.R.D. 430, 433 (D.D.C. 2010) (accepting plaintiffs' calculation of damages as reasonable), *with Int'l Painters & Allied Trades Indus. Pension Fund v. Executive Painting, Inc.*, 719 F. Supp. 2d 45, 51 (D.D.C. 2010) (determining that plaintiffs did not calculate damages with reasonable certainty), *and Gillespie v. Capitol Reprographics, LLC*, 573 F. Supp. 2d 80, 87 (D.D.C. 2008) (requiring additional proof to validate plaintiff's claim for monetary damages).

The Court finds that Bricklayers is entitled to judgment against Civitillo for $73,589.77, which includes $100,268.89 in unpaid contributions during the period from November 2022 to April 2023; $2,996.70 in interest owed on these unpaid contributions; $16,060.48 in liquidated damages; and $3,728.50 in attorneys' fees; minus $49,464.80 in payments already made under the Memorandum of Understanding.

### 1. Contributions

Civitillo's delinquent contributions are calculated by multiplying the number of hours worked in a given month by the applicable hourly rate set by the CBA. *See* ECF 7-1 at 14; *NY Big Apple Constr. Corp.*, 2020 WL 6683061, at *3. As documented by Bricklayers, Civitillo reported but failed to pay a total of $100,268.89 in contributions for work performed between November 2022 and April 2023. ECF 7-1 at 14; ECF 7-2 at 5–6 ¶ 8. Bricklayers calculated the precise amount of unpaid contributions for the period of November 2022 to April 2023 based on Civitillo's monthly remittance reports, which identify the number of hours worked by its employees under the CBA. ECF 7-2 at 5–6 ¶ 8. Accordingly, Bricklayers has proved the amount of unpaid contributions to a "reasonable certainty." *See, e.g.*, *Extreme Granite, Inc.*, 671 F. Supp. 2d at 162; *LaSalle Glass & Mirror Co.*, 267 F.R.D. at 433.

### 2. Interest

Bricklayers may also collect interest on the outstanding contributions at the rate determined by the CBA: 15 percent per year from the due date of each monthly payment. 29 U.S.C. § 1132(g)(2); ECF 7-2 at 5–6 ¶¶ 8. Bricklayers has provided declarations and other documentation demonstrating that Civitillo owes a grand total of $2,996.70 in interest on the $100,268.89 in unpaid contributions for work performed between November 2022 through April 2023. ECF 7-1 at 18; ECF 7-2 at 5–6 ¶ 8.

### 3. Liquidated Damages

Moreover, under the CBA and ERISA, Bricklayers is entitled to liquidated damages, calculated at the rate of 20 percent of the delinquent contributions. ECF 7-2 at 5–6 ¶ 8. Bricklayers has provided declarations demonstrating it is entitled to a total of $16,060.48 in liquidated damages

on the unpaid contributions owed for work performed between November 2022 and April 2023. ECF 7-1 at 18; ECF 7-2 at 5–6 ¶ 8.

### 4. Payments Made Under the Memorandum of Understanding

From May 2023 to July 2024, Civitillo submitted four installment payments totaling $49,464.80 under the Memorandum of Understanding. ECF 7-1 at 17–18; ECF 7-2 at 6 ¶ 10. Thus, after subtracting these payments, Civitillo owes Bricklayers a total of $69,861.27 in unpaid contributions, interest, and liquidated damages. ECF 7-1 at 18; ECF 7-2 at 6–7 ¶ 11.

### C. Attorneys' Fees and Costs

Bricklayers requests $3,728.50 in attorneys' fees and related legal costs. ECF 7-1 at 19. Turning first to fees: unlike unpaid contributions, interest, and liquidated damages, attorneys' fees do not qualify as "sums certain"—rather, the court must ascertain whether the requested fees are reasonable. *See Shelton v. District Cooling, LLC*, No. 22-CV-3333, 2024 WL 4103707, at *2 (D.D.C. Sept. 6, 2024) (citing *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984)). Bricklayers' counsel provided documentation reflecting 9 hours of work at an hourly rate of $320, for work performed up to March 31, 2023, and $340 for work performed thereafter, for a total of $3,031.50 in attorneys' fees. ECF 7-1 at 19; ECF 7-2 at 41–42, 44 (Declaration of Charles W. Gilligan). After reviewing the complaint and the pleadings filed in this case, as well as counsel's declaration, ECF 7-2 at 41–42, the Court finds that 9 hours is a reasonable amount of time for the work performed in this litigation. The time records submitted in support of Bricklayers' fee request do not reveal excessive staffing or unnecessary duplication and reflect the exercise of counsel's billing judgment. *See id.* at 44. Two experienced attorneys worked on this case, *see id.* at 41 (the attorneys have, respectively, 41 years and 10 years legal experience), and Bricklayers' declaration states that they charged hourly rates "substantially below" both the

market rate and the rates established by the *Laffey* matrix, *id.* at 42; *see Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015) ("The *Laffey* Matrix sets out a general guideline for awarding attorneys' fees based on experience."). Because counsel charged below-market rates, and the time for which counsel seeks compensation is appropriate, the Court finds Bricklayers' request for attorneys' fees is reasonable. *See, e.g.*, *Bricklayers & Trowel Trades Int'l Pension Fund*, 2024 WL 4869243, at *4 (finding request for attorneys' fees to be reasonable where firm charged below-market rates); *see also Bricklayers & Trowel Trades Int'l Pension Fund v. KAFKA Constr. Inc.*, 273 F. Supp. 3d 177, 182 (D.D.C. 2017) (same).

Turning next to costs, Bricklayers also seeks reimbursement for out-of-pocket costs expended for this litigation. It included bills for $295 incurred for serving process and $402 for filing the complaint. ECF 7-1 at 19; ECF 7-2 at 42, 47–49. Those are necessary and reasonable expenses for litigation and Bricklayers is entitled to reimbursement for those costs.

Accordingly, the Court awards Bricklayers $3,031.50 in attorneys' fees and $697 in costs, for a total of $3,728.50.

### D. Unreported Contributions

Bricklayers also seeks injunctive relief, namely an order directing Civitillo to submit outstanding remittance reports and contributions for work performed from May 2023 through July 2024 as required under the CBA. *See* ECF 1 at 7; ECF 7-1 at 19. Bricklayers has alleged in its complaint, ECF 1 ¶ 10, and has provided supporting documentation to establish, that Civitillo failed to submit reports for work performed under the CBA or pay corresponding contributions between those dates, *see* ECF 7-2 ¶ 12. Without these reports, Bricklayers avers that it is unable to calculate the contributions Civitillo owes it for work performed during this period. *Id.*

The Court will issue the requested order. ERISA authorizes courts to grant "other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 132(g)(2)(E). Such relief is appropriate where, as here, "the defendant has demonstrated no willingness to comply with either its contractual or statutory obligations or to participate in the judicial process." *Boland v. Yoccabel Constr. Co.*, 293 F.R.D. 13, 21 (D.D.C. 2013) (quoting *See Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 242 (D.D.C. 2007)). Accordingly, courts in this District have granted equitable relief requiring employers to submit these types of reports in other ERISA default judgment cases. *See e.g.*, *id.* (ordering defaulting employer to submit "reports required under the collective bargaining agreement" to ERISA fund plaintiff as injunctive relief); *Int'l Painters v. Lasalle Glass & Mirror Co.*, 267 F.R.D. 430, 435 (D.D.C. 2010) (ordering defendant employer to submit "any and all outstanding remittance reports" to ERISA fund plaintiff where plaintiff sought equitable relief). Because the Court is entering judgment against Civitillo for breaching its contractual obligations and the relief requested is already required under the Parties' agreement, ECF 1 ¶¶ 7, 10; ECF 7-2 at 4–5 ¶ 7, the Court is satisfied that Bricklayers is entitled to injunctive relief. The Court thus orders Civitillo to supply Bricklayers with remittance reports and any related contributions for work performed from May 2023 to July 2024 within 30 days of the date of the accompanying order.

\*    \*    \*

For the foregoing reasons, the Plaintiff's motion for default judgment, ECF 7, is **GRANTED**. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
Date: January 31, 2025                    United States District Judge